UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO,

                Petitioner,

-against-

CF 43 HOTEL, LLC; 250 WEST 43 OWNER LLC; 250 WEST 43 OWNER II LLC; 250 WEST 43 OWNER III LLC, d/b/a CARTER HOTEL,

                Respondents.

Civil Action No.

**PETITION TO CONFIRM ARBITRATION AWARDS**

---

Petitioner New York Hotel & Motel Trades Council, AFL-CIO ("Union"), by its attorneys, Pitta & Giblin LLP, as and for its Petition, alleges as follows:

1. The Union brings this action against CF 43 Hotel, LLC, 250 West 43 Owner LLC, 250 West 43 Owner II LLC, 250 West 43 Owner III LLC, d/b/a Carter Hotel ("Respondents" or the "Hotel"), to confirm arbitration Award 2015-44, dated and affirmed on July 28, 2015, and Award 2016-09, dated and affirmed on February 17, 2016 (collectively, the "Awards"). In the Awards, the contract arbitrator for the New York City hospitality industry found that the Hotel failed to pay severance pay, and violated its notification obligations, and therefore imposed appropriate relief. The Awards draw their essence from the parties' collective bargaining agreement and its expansive arbitration clause, the Hotel has refused to comply with the Awards, and the Hotel did not timely move to vacate the Awards. Accordingly, the Petition to confirm the Awards should be granted.

{00621315.DOC / 2 }

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action to confirm labor arbitration awards pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3.  Venue properly lies in this District because the Union and the Hotel maintain their principal places of business in this District and the underlying events giving rise to the Awards, including the arbitrations, occurred in this District.

## THE PARTIES

4.  The Union is an unincorporated labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which maintains offices at 707 Eighth Avenue, New York, New York 10036.

5.  CF 43 Hotel, LLC, 250 West 43 Owner LLC, 250 West 43 Owner II LLC, and 250 West 43 Owner III LLC are affiliated entities that, as owners, operators, and/or managers of the Hotel, all entered certain labor agreements with the Union on behalf of and doing business as the Hotel. The Hotel and Respondents are "employers" as defined in Section 2(2) of the LMRA, 29 U.S.C. § 152(2), employing non-managerial workers represented by the Union for the purposes of collective bargaining.

## STATEMENT OF CLAIM FOR RELIEF

### The IWA and Relevant Contractual Provisions

6.  For decades, the Union has negotiated the basic terms and conditions of employment for many of the employees it represents in the regional hotel industry with an employer bargaining group organized as a subset of the Hotel Association of New York City,

Inc. ("Hotel Association"), through successive collective bargaining agreements known as the Industry Wide Agreement ("IWA").

7. The IWA contains the broadest possible arbitration clause. The IWA grievance and arbitration provisions, Article 26, mandate in no uncertain terms that all possible disputes between the Union and a hotel be submitted to arbitration before the Office of the Impartial Chairperson ("OIC"), a permanent panel of industry-expert arbitrators:

> 26. (A) All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto. Any questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article.

Ex. A (IWA), at Art. 26.

8. Article 52(A) of the IWA specifies that "[i]n the event of termination resulting from the closing of a hotel . . . severance pay shall be paid . . ." *Id.* at Art. 52(A). Article 52(B) of the IWA sets forth the method of calculation of severance pay, and provides:

> Unless otherwise proven, all employees laid off within one (1) year of a permanent closing shall be presumed to have been terminated as a result of the closing and shall be therefore eligible for severance pay.

*Id.* at Art. 52(B).

9. Article 59 of the IWA sets forth the IWA's Successors and Assigns clause:

> (A) This Agreement shall be binding upon the successors and assigns of the parties hereto, and no provisions, terms, or obligations herein contained shall be affected, modified, altered, or changed in any respect whatsoever by any change of any kind in the legal status, ownership, or management of either party hereto. Any successor EMPLOYER shall assume all of the obligations

> under this Agreement of the prior operator of the hotel or concession to the employees, the UNION or any of the funds to which EMPLOYERS are required to contribute hereunder.

*Id.* at Art. 59. Succeeding paragraphs of Article 59 set forth implementation of Paragraph (A), including assumption of the IWA in an assumption agreement entered by the successor employer.

**The Carter Hotel**

10. The Union has represented the Hotel's employees with successive employers for decades pursuant to the IWA.

11. In an agreement dated August 21, 2014, CF 43 Hotel, LLC agreed to purchase the Hotel for approximately $190 million.[1]

12. On December 12, 2014, CF 43 Hotel, LLC signed an assumption agreement with the Union as part of its purchase of the Hotel. In that agreement, the Hotel expressly re-adopted the IWA. Ex. B (Assumption Agreements).

13. On or about December 19, 2014, thirty-one Hotel employees received notices stating that they would be temporarily laid off as of January 3, 2015. Ex. C (Award 2015-44), at 4-5.

14. One month later, in January 2015, CF 43 Hotel, LLC assigned its interest in the Hotel to its three affiliated entities: 250 West 43 Owner LLC; 250 West 43 Owner II LLC; and 250 West 43 Owner III LLC. Ex. B (Assumption Agreements). Each entity signed another assumption agreement. *Id.* The Hotel, through each entity, again expressly re-adopted the IWA. *Id.*

---

[1] *See* Craig Karmin, *Joseph Chetrit Cuts Deal to Buy Hotel Carter in Times Square*, WALL ST. J. (Sept. 4, 2014, 1:03pm), http://www.wsj.com/articles/joseph-chetrit-cuts-deal-to-buy-hotel-carter-in-times-square-for-190-million-1409849309.

*15.*   The Hotel physically closed its doors for renovations on March 24, 2015, laying off the Hotel's remaining twenty-five employees. Ex. C (Award 2015-44), at 1. The thirty-one employees laid off in January and the twenty-five employees laid off in March 2015 were never called back to work. *Id.*

**Award 2015-44 – Hotel Failure to Provide Notice of Closing and Severance Pay**

16.   On March 19, 2015, the Union filed a grievance pursuant to Article 26 of the IWA regarding the Hotel's failure to give proper notice to Hotel employees prior to the Hotel's closing and for severance pay. Ex. D (Demand for Arbitration); Ex. A (IWA), at Art. 52(A).

17.   Following due notice, arbitration hearings were held before Chairperson Drogin on March 23, 2015, March 27, 2015, June 10, 2015, and January 21, 2016. The Union and the Hotel appeared at the hearings and presented documentary and testimonial evidence. Ex. C (Award 2015-44), at 1; Ex. F (Award 2016-09), at 1. On July 8, 2015, the Union and the Hotel each submitted written post-hearing briefs to the OIC. Ex. C (Award 2015-44), at 1.

18.   Chairperson Drogin, having examined all the arguments, evidence, proofs, and documents submitted, and after due deliberation having come to a decision, rendered his Decision and Award on July 28, 2015, finding that the Hotel had violated its notice obligations to the laid-off employees and failed to pay required severance payments. *Id.* at 11.

19.   To remedy these violations of the IWA, Chairperson Drogin ordered the Hotel to make payment to the affected employees, and retained jurisdiction to determine the amounts due pursuant to the Award. *Id.*

20.   As stipulated in IWA Article 26(E), Award 2015-44 was served upon counsel to the Hotel and counsel to the Union via email by the OIC on July 29, 2015. Ex. E (Notice of Award).

**Award 2016-09 – Remedy**

21. On January 21, 2016, a final hearing was held to address the Hotel's non-compliance with Award 2015-44, for notice and severance, as well as to promulgate remedies for the Hotel's liability as found in those awards.

22. On February 17, 2016, Chairperson Drogin issued Award 2016-09, ordering remedies for the notice and severance violations in Award 2015-44. Ex. F (Award 2016-09).

23. Chairperson Drogin found that the Hotel owed $52,007.01 to certain employees as a result of the failure to pay severance pay. *Id.* at 2 & Ex. 2.

24. With regard to notice liability, Chairperson Drogin found the Hotel liable for $595,272.57. *Id.* at 2 & Ex. 1 thereto. Chairperson Drogin based this amount on each employee's rate of pay and 60 days' lack of notice.

25. Finally, Chairperson Drogin found that the Hotel owed $197,899.51 to the employee benefit funds as a result of the notice liability, and $13,001.75 as a result of the severance pay liability. *Id.* at 2 & Exs. 1-2.[2]

26. As stipulated in IWA Article 26(E), Award 2016-09 was served upon counsel to the Hotel and counsel to the Union via email by the OIC on February 17, 2016. Ex. G (Notice of Award).

**The Hotel Fails to Comply with the Awards**

27. To date, though duly demanded, the Hotel has failed and refused, and continues to refuse, to comply with the Awards, and to pay the amounts owed.

---

[2] Though Chairperson Drogin's Award specifies that $197,899.51 was the amount owed to the employee benefit funds as a result of severance pay, Chairperson Drogin's spreadsheets make clear that that amount is actually owed to the benefit funds pursuant to notice liability. Ex. F (Award 2016-09), at Ex. 1. Exhibit 2 of Award 2016-09 also makes clear that an additional $13,001.75 is owed to the employee benefit funds as a result of severance pay.

28.     The Awards were not vacated by order of any court of competent jurisdiction and are still in full force and effect. The statute of limitations for Respondents to move to vacate all of the Awards has passed.

29.     The Awards draw their essence from the IWA as fully set forth in the Awards.

30.     There is no basis in law, fact, or equity to vacate the Awards.

31.     No prior application for the relief requested herein has been made to this or any other court or judge.

WHEREFORE, the Union respectfully requests an Order be made and entered:

a.  confirming the Awards of Chairperson Ira Drogin: Award 2015-44 dated and affirmed on July 28, 2015, and Award 2016-09 dated and affirmed on February 16, 2016; and ordering compliance therewith;

b.  directing judgment to be entered on the sums awarded therein in the amounts of:

- $52,007.01 to the Union of behalf of Hotel employees for severance pay;
- $13,001.75 to the relevant employee benefit funds on behalf of Hotel employees for severance pay;
- $595,272.57 to the Union on behalf of Hotel employees for notice liability;
- $197,899.51 to the relevant employee benefit funds on behalf of Hotel employees for notice liability;

together with interest from the dates of the Awards, and post-judgment interest;

c.  granting Petitioner its attorney's fees, costs, and disbursements; and

d.  granting such other equitable and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 27, 2016

                                        PITTA & GIBLIN LLP
                                        *Attorneys for Petitioner*

                                        By: _____
                                              Barry N. Saltzman
                                              Danya Ahmed
                                              120 Broadway, 28th Floor
                                              New York, New York 10271
                                              (212) 652-3890 (phone)
                                              (212) 652-3891 (fax)
                                              bsaltzman@pittagiblin.com
                                              dahmed@pittagiblin.com